Stephanie R. Tatar, Esq. (SBN: 237792)
**Tatar Law Firm, APC**
3500 West Olive Ave., Suite 300
(323) 744-1146 Telephone
(888) 778-5695 Facsimile
*Stephanie@TheTatarLawFirm.com*

Attorney for Plaintiff,
GLENN POWELL

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN POWELL, an individual, | ) |
| Plaintiff, | ) SACV11-00517 JST (RNBx) |
| vs. | ) **Case Action No.:** |
| BLACKROCK ASSET MANAGEMENT, LLC, a limited liability corporation; JOHN HARRIS, an individual; and DOES 1-50, | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

GLENN POWELL (hereinafter referred to as "Plaintiff"), by his attorney, Stephanie R. Tatar, alleges the following against BLACKROCK ASSET MANAGEMENT, LLC (hereinafter referred to as "Defendant BLACKROCK"), JOHN HARRIS (hereinafter referred to as "Defendant HARRIS") and DOES 1-50:

**I. INTRODUCTION**

1.  Section 1692 of the Fair Debt Collection Practices Act: Congressional finding and declaration of purpose identifies that "there is

1 | abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to the invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also passed this statute, because the current laws were "inadequate to protect consumers." 15 U.S.C. § 1692(b)  Moreover, the purpose of the statute is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e)

2. Section 1788.1 of the Rosenthal Fair Debt Collection Practices Act, Legislative Findings: the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confident which is essential to the continued functioning of the banking and credit system and sound extension of credit to consumer." Cal.Civ.Code §1788.1.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5. Plaintiff GLENN POWELL is an adult individual residing in Mission Viejo, California.

COMPLAINT AND DEMAND FOR JURY TRIAL

6. Defendant BLACKROCK ASSET MANAGEMENT, LLC is a corporation with its principal office located at 9393 Emery Court Cir. Suite 6, Fountain Valley, CA 92708 and which is qualified to and regularly conducts business in the State of California. The principal purpose of Defendant BLACKROCK is the collection of debts already in default using the mails and telephone, and Defendant BLACKROCK regularly attempts to collect said debts.

7. Defendant JOHN HARRIS (hereinafter referred to as "HARRIS") was at all times relevant hereto an employee and agent of Defendant BLACKROCK and is a natural person employed by Defendant BLACKROCK as a collector.

8. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as DOES 1 through 50, inclusive. Plaintiff is informed and believes and on that basis alleges that Defendants DOES 1 through 50, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

## IV. FACTUAL ALLEGATIONS

9. At all times pertinent hereto, Defendants attempted to collect a debt relating to consumer purchases (hereafter the "debt").

10. The debt which Defendants attempted to collect pertained to a Providian National Bank credit card.

11. The debt allegedly became delinquent in 2004.

12. Upon information and belief, Plaintiff paid off the outstanding balance of the Providian National Bank credit card in or around 2004.

13. The debt at issue arises out of an alleged transaction which was

1 | primarily for personal, family or household purposes.

2 |     14.    On or about March 18, 2011, Defendants sent a correspondence to Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff. See March 18, 2011 correspondence attached hereto, and incorporated herein as Exhibit "A."

    15.    The purpose of this letter was to coerce Plaintiff to pay a debt which he allegedly owes.

    16.    This March 18, 2011 correspondence was the initial communication to Plaintiff by the Defendants.

    17.    This March 18, 2011 correspondence was addressed to Plaintiff, however it was sent to an address at which Plaintiff never resided and did not then reside.

    18.    The March 18, 2011 correspondence was sent to Plaintiff's ex-wife's address.

    19.    The March 18, 2011 correspondence contained a subject line which read "Blackrock Assent Management, LLC v. Glenn J. Powell," "Case No. KL009418."

    20.    Additionally, the letter was entitled "Litigation Notice."

    21.    The letter was signed by John Harris, Legal Administrator.

    22.    The March 18, 2011 correspondence threatened to file a lawsuit against Plaintiff.

    23.    No such suit was filed against Plaintiff.

    24.    On or about March 22, 2011, Plaintiff telephoned Defendants and spoke with Defendant HARRIS.

    25.    Defendant BLACKROCK, by and through Defendant HARRIS, told Plaintiff that the final payment on the Providian credit card had never been received.

    26.    Defendant BLACKROCK, by and through Defendant HARRIS

informed Plaintiff that Defendant BLACKROCK was pursuing legal action to collect the debt.

27. During this telephone conversation, Defendant BLACKROCK, by and through Defendant HARRIS, also informed Plaintiff that the pending legal action would require Defendant BLACKROCK to report this debt to the credit reporting agencies.

28. Defendant BLACKROCK, by and through Defendant HARRIS, informed Plaintiff that Plaintiff could dispute the debt in court, but that even if the court decided in Plaintiff's favor, Plaintiff would still have to pay the original amount owed.

29. Defendant BLACKROCK, by and through Defendant HARRIS, told Plaintiff that he would likely end up paying the amount listed on the correspondence and all legal fees as well.

30. During this telephone conversation, Defendant BLACKROCK, by and through Defendant HARRIS, also asked Plaintiff if he had yet signed paperwork brought by a Sheriff or other court representative, in relation to this debt.

31. During this telephone conversation, Defendant BLACKROCK, by and through Defendant HARRIS, asked Plaintiff if he would like to settle this debt for approximately half the amount allegedly due.

32. Plaintiff told Defendant HARRIS that when he had an opportunity to review his paperwork, he would notify Defendants of his decision.

33. On or about March 22, 2011, Plaintiff received a second correspondence via email from Defendant BLACKROCK. See March 22, 2011 correspondence attached hereto and marked as Exhibit "B."

34. The March 22, 2011 correspondence purported to memorialize a conversation with Plaintiff, wherein Plaintiff had allegedly agreed to

settle the outstanding debt.

35. However, this correspondence falsely represented the conversation Plaintiff had with Defendants, in that Plaintiff had not agreed to a settlement of the above referenced debt.

36. Defendants acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person contacted.

37. At all times pertinent hereto, Defendant BLACKROCK was acting by and through its agents, servants and/or employees, including but not limited to Defendant HARRIS, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant BLACKROCK herein.

38. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

39. As a result of Defendants' conduct, Plaintiff suffered nausea, stress, headaches, nervousness, embarrassment, and anxiety.

40. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

43. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

44. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

45. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692g, 1692(e)2, 1692(e)5, 1692e preface and e(10), 1692f, 1692d preface, as evidenced by the following conduct:

   a. failing to send the consumer a validation notice within five days of the initial communication;
   b. The false representation of the amount, character or legal status of the debt;
   c. The threat to take legal action that cannot be legally taken or that is not intended to be taken;
   d. Using false, deceptive and misleading representation or means in connection with the debt collection;
   e. Using unfair or unconscionable means to collect a time-barred debt;
   f. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

COMPLAINT AND DEMAND FOR JURY TRIAL

      g. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

46. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

      a. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      b. That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

      d. That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL.CIV.CODE §1788 *et seq.*

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. Defendants sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiff. Plaintiff is a

1 | "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

50. Defendants are not a firm of attorneys or counselors at law and is a company that, in the ordinary course of business, regularly, on behalf of itself or others or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

51. Defendants violated the RFDCPA based on the following:

    a. Defendants violated §1788.10(e) of the RFDCPA by threatening that nonpayment of the debt would may result in the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debt when not permitted by law.

    b. Defendants violated §1788.10(f) of the RFDCPA by threatening to file a lawsuit against Plaintiff.

    c. Defendants violated §1788.13(j) of the RFDCPA by falsely representing that a legal proceeding is about to or will be instituted unless payment of the consumer debt is made.

52. As direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, GLENN POWELL, respectfully requests judgment entered against Defendants for the following;

    a. Declaratory judgment that Defendants' conduct violated the Rosenthal Fair Debt Collection Practices Act;

    b. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code§1788.30(b) for each separate violation of the RFDCPA;

    c. Actual damages;

    d. Punitive damages for conduct amounting to oppression and

1. malice under California law
2. e. Costs and reasonable attorneys' fees pursuant to the
3. Rosenthal Fair Debt Collection Practices Act, Cal Civ.
4. Code§1788.30(c); and
5. f. Any other relief that this Honorable Court deems
6. appropriate.

malice under California law

e. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code§1788.30(c); and

f. Any other relief that this Honorable Court deems appropriate.

## VII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GLENN POWELL, demands a jury trial in this case.

Respectfully Submitted,

DATED: April 4, 2011

**TATAR LAW FIRM, APC**

By: _____
Stephanie Tatar, Esq.
Attorney for Plaintiff,
GLENN POWELL

11
COMPLAINT AND DEMAND FOR JURY TRIAL

**EXHIBIT A**


# BLACKROCK

Blackrock Asset Management, LLC
9393 Emery Court Cir Suite 6 | Fountain Valley, CA 92708 | Telephone 800.303.5033 | Facsimile 714.975.9955

*Personal and Confidential*                                                       March 18, 2011

GLENN J. POWELL
26411 VIA DAMASCO
MISSION VIEJO CA 92691

Re: BLACKROCK ASSET MANAGEMENT, LLC vs. GLENN J. POWELL
Case No. KL009418
Amount Owed: $4,499.18

## LITIGATION NOTICE

You have chosen to ignore our previous attempts to resolve this matter.

You are hereby notified that a recommendation to file a lawsuit to collect this debt may be the next step resulting in a judgment entered against you.

A judgment is a serious legal matter and several methods to collect a judgment are available to us. These methods include:

- A wage garnishment against you, your spouse, or your domestic partner (if against the spouse or domestic partner a court order is required);
- Levy on your bank accounts or safe deposit box;
- Placement of liens on real property or personal property; and
- Suspension of your real estate, contractor, or driver's license under certain circumstances.

Any of the methods mention above can be used to enforce a judgment until the total amount owed is paid. Also, you will be required to pay Blackrock Asset Management, LLC a 10% interest on the unpaid balance of this judgment plus any attorney fees, court costs, and processing fees.

Keep in mind, a judgment is valid and enforceable for 10 years and can be renewed for an additional 10-year time period.

If you want to avoid any further legal action, you need to contact our office within 10 days of this notice; otherwise, we will assume you do not intend to pay this debt and litigation will be commenced immediately.

Govern yourself accordingly.

Sincerely,

*John Harris*

John Harris
Legal Administrator

*This communication is an attempt to collect a debt and any information obtained will be used for that purpose.*

**EXHIBIT B**



Blackrock Asset Management, LLC
9393 Emery Court Cir Suite 6 | Fountain Valley, CA 92708 | Telephone 800.303.5033 | Facsimile 714.975.9955

*Personal and Confidential*                                          March 22, 2011

GLENN POWELL
26411 VIA DAMASCO
MISSION VIEJO CA 92691

Re: PROVIDIAN NATIONAL BANK
Original Account No: 4361452700733171
File No: KL009418
Amount Owed: $4,499.18
Settlement Agreement: $1,398.20

Dear Mr. (s) Powell:

Per our conversation, Blackrock Asset Management, LLC has agreed to the following settlement agreement of one thousand three hundred ninety eight dollars and twenty cents ($1,398.20) due no later than March 22, 2011.

Upon clearing of said funds, Blackrock Asset Management, LLC will release you from all claims and liabilities pertaining to the above referenced account and the account will be considered closed and paid in full. In addition, Blackrock Asset Management, LLC will delete any derogatory mark entered into all three major credit bureaus.

In the event the above maker defaults in said agreement, Blackrock Asset Management, LLC will legally pursue to the fullest extent of the law to collect the balance in full, plus any additional costs and attorney fees.

You are hereby notified that a negative mark on your credit report may be submitted to all three major credit bureaus if you fail to fulfill the terms of your credit obligation. However, we will not submit a negative mark to any major credit bureau about this credit obligation if the above settlement agreement is satisfied.

Sincerely,

*John Harris*

John Harris
Legal Administrator

*This communication is an attempt to collect a debt and any information obtained will be used for that purpose.*

Stephanie R. Tatar, (237792)
Tatar Law Firm, APC
3500 West Olive Ave., Suite 300
Burbank, CA 91505

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Glenn Powell, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>Blackrock Asset Management, LLC, a limited liability corporation, John Harris, an individual, and DOES 1-50<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV11-00517 JST (RNBx)<br><br>SUMMONS |

TO: DEFENDANT(S): Blackrock Asset Management, LLC and John Harris

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Stephanie Tatar, whose address is 3500 West Olive Ave., Suite 300, Burbank, CA 91505. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: APR - 5 2011

Clerk, U.S. District Court

By: JULIE PRADO
    Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                          SUMMONS