O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN POWELL,<br><br>          Plaintiff,<br><br>     vs.<br><br>BLACKROCK ASSET MANAGEMENT, LLC and JOHN HARRIS,<br><br>          Defendants. | CASE NO. SACV 11-0517-JST (RNBx)<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND (2) GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES** |

Before the Court is Plaintiff Glenn Powell's Application for Default Judgment (Doc. 11) and Request for Attorney's Fees (Doc. 12). The Court finds these matters appropriate for disposition without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Having read the papers in support of Plaintiff's motions, the Court GRANTS Plaintiff's Application for Default Judgment and GRANTS Plaintiff's Request for Attorney's Fees and awards damages and attorney's fees in the total amount of $9,320.00.

### I. Background

Plaintiff filed a complaint against Defendant Blackrock Asset Management and John Harris ("Defendants") for unfair debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDPCA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDPCA"). (Doc. 1.) On July 8, 2011, the clerk entered default against Defendants. (Doc. 9.) Plaintiff filed this Application for Default Judgment (Doc. 11) and Request for Attorney's Fees (Doc. 12) on August 8, 2011.

### II. Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Prior to entry of default judgment, there must be an entry of default. *See* Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762 PJH, 2010 WL 1048829 (N.D. Cal. Feb. 12, 2010). "[I]t follows from this that facts … not established by the

pleadings of the prevailing party, or claims … not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set out seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (quoting 10A Charles Alan Wright, Arthur R. Miller, & May Kay Kane, *FEDERAL PRACTICE AND PROCEDURE* § 2688, at 63 (3d ed. 1998)). This is because the allegations of the amount of damages suffered are not necessarily taken as true. *Geddes*, 559 F.2d at 560.

Accordingly, the Court may hold a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). Under Ninth Circuit law, "[i]t is well settled that a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). However, a "hearing" under this rule need not include live testimony, but may instead rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party. C.D. Cal. R. 55-2.

### III. Discussion

#### a. Merits of Plaintiff's FDCPA and RFDCPA Claims

"In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). These violations include (1) unfair or unconscionable collection methods, (2) conduct which harasses, oppresses, or abuses any debtor, and (3) any false, deceptive, or misleading statements in connection with the collection of a debt. 15 U.S.C. § 1692(d)-(f). Furthermore, employees of debt collection agencies may be held personally liable for violations of the FDCPA. *Robinson*, 654 F. Supp. 2d at 1059.

According to the Complaint, Defendant Harris is an employee of Defendant Blackrock, a debt collector. Harris, on behalf of Blackrock, attempted to collect on a consumer purchase debt that Blackrock claimed Plaintiff owed and that allegedly became delinquent in 2004. Specifically, on or about March 18, 2011, Defendants sent a letter titled "litigation notice" to Plaintiff's ex-wife's address, a residence where Plaintiff had never lived. The subject line included "Blackrock Asset Management, LLC v. Glenn J. Powell" and "Case No. KL009418." The letter stated that Plaintiff had ignored previous attempts to resolve the matter and that a lawsuit may be the next step, "resulting in a judgment" against Plaintiff. It also stated that a judgment may be collected through a wage garnishment, levy on bank accounts, or liens on real or personal property, among other methods. This letter instructed Plaintiff to contact Blackrock within ten days or litigation would be commenced.

Plaintiff telephoned Harris on March 22, 2011. Harris told Plaintiff that the final payment on his Providian credit card had never been received. Harris said that, as a result, Blackrock was pursuing legal action and would report the debt to credit agencies. Harris also told Plaintiff that Plaintiff could dispute the debt in court and that even if the court

4

agreed with Plaintiff, Plaintiff would still have to pay the original amount owed.  He also asked Plaintiff whether a Sheriff or other court representative had delivered paperwork to Plaintiff.  To settle the alleged debt obligation, Harris offered Plaintiff the option to pay half the amount allegedly owed if paid that same day.  Plaintiff told Harris that he would review his paperwork and notify Blackrock of his decision.  Harris subsequently sent Plaintiff a letter via email memorializing the terms of Blackrock's settlement offer.  In the letter, Harris also implied that Plaintiff had agreed to pay the reduced amount by referencing the amount as a "settlement agreement."  Blackrock has not filed suit against Plaintiff.

   The Court finds that the allegations in Plaintiff's Complaint and Application for Default establish liability for violation of the FDCPA.  Specifically, the allegations establish that Defendant (1) failed to provide notice within five days of initial communication, as required by § 1692g(a) (Compl., Ex. A); (2) represented or implied that nonpayment of the alleged debt would result in wage garnishment, in violation of § 1692e(4) (Compl., Ex. A); (3) misled Plaintiff by stating that he would owe the original amount even if a court agreed with him, in violation of  § 1692e(10) (Compl., ¶ 28); and (4) implied that litigation had been initiated by asking whether a court representative or Sheriff had delivered paperwork, also in violation of § 1692e(10).  (Compl., ¶ 30.)  Furthermore, each of these violations also constitutes a violation of the RFDCPA.  Cal. Civ. Code § 1788.17.

### b. *Eitel* Factors

   The Court concludes that the *Eitel* factors weigh in favor of granting Plaintiff's application for default.  As to the first factor, Plaintiff would suffer prejudice if the Court does not grant his application because he has no other means of recourse.  As to the second and third factors—the merits of the claim and the sufficiency of the complaint—the Court concluded above that Plaintiff's Complaint establishes violations of the FDCPA and

RFDCPA. The fourth factor is also met because the amount of money at stake is reasonable in light of the damages provisions of the FDCPA and RFDCPA, as discussed below.

Because Defendants have failed to appear in this matter, the remaining three factors counsel in favor of default. There is no evidence that Defendant's failure to appear is the result of excusable neglect. Furthermore, given the sufficiency of Plaintiff's pleadings, there is unlikely to be a dispute of material fact. Finally, a decision on the merits appears to be unattainable in this matter.

## IV.   Remedies

Having determined that Plaintiff is entitled to entry of default judgment, the Court must determine the relief that should be awarded. Here, Plaintiff requests $2,000 in statutory damages, $5,000 in actual damages, $5,320 for attorney's fees, and $549 for service and filing costs. The Court finds that Plaintiff is entitled to $2,000 in statutory damages, $2,000 in actual damages, and $5,320 in attorney's fees. The court addresses each category separately below.

### a. Statutory Damages
#### i. FDCPA

Plaintiff is entitled to statutory damages up $1,000 for Defendant's violations of the FDCPA. 15 U.S.C. § 1692k(a)(2)(a). The Court must consider, among other factors, "the frequency and persistence of noncompliance by the debt collector, the nature of noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Defendant's failure to appear in this case and the allegations in the Complaint establish that Defendant's acts were intentional. The Court determines that Plaintiff is entitled to $1,000.

### ii. RFDCPA

Under the RFDCPA, the Court may award the Plaintiff statutory damages for willful and knowing violations of the Act by Defendant. Cal. Civ. Code § 1788.30(b). The Court has the discretion to choose an amount between $100 and $1,000 as a penalty to the debt collector. *Id*. Because the Complaint alleges that Defendant's actions were willful and knowing, and because Defendant has failed to appear in the action, the Court awards Plaintiff $1,000 in statutory damages under the RFDCPA.

### b. Actual Damages

Under the FDCPA, Plaintiff is entitled to "any actual damage sustained by such person as a result of such failure" of Defendant to comply with the Act. 15 U.S.C. § 1692k(a)(1). Actual damage includes recovery for emotional distress such as humiliation, embarrassment, fear, nervousness, difficulty eating and sleeping, lack of concentration, and anxiety. *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1314-16 (E.D. Cal. 2009) (noting persuasively the similarities between the FDCPA and the Fair Credit Reporting Act ("FCRA") and adopting Ninth Circuit law on "actual damage" under the FCRA); *see also Panahiasl v. Gurney*, No. 04-04479 JF, 2007 WL 738642 at * 3 (N.D. Cal. Mar. 8, 2007) (plaintiff recovered for emotional distress symptoms including embarrassment, fear, anger, panic, humiliation, nervousness, crying fits, difficulty eating and sleeping, and diarrhea). *Cf. Valero v. Bryant, Lafayette & Assocs.*, No. 1:10-cv-01174 OWW GSA, 2011 WL 1438436 at *3 (E.D. Cal. Apr. 14, 2011) (requiring plaintiff to meet the standards for a state intentional infliction of emotional distress claim to recover damages under the FDCPA).

Plaintiff has submitted two detailed declarations, his own, (Doc. 11-3), and that of his wife, (Doc. 11-1), attesting to his emotional distress.[1] Plaintiff has also provided notice

---

[1] The Court concludes that, in this case, live testimony would be unavailing. Observation of Plaintiff's demeanor would not aid the Court because Plaintiff's testimony would be as to past,
   (footnote continued)

7

of the amount of damages he has requested. (Doc. 14). Plaintiff alleges that he experienced symptoms of emotional distress for approximately two weeks, between the time that he first received a letter from Blackrock on or about March 18, 2011 until the present lawsuit was filed on April 5, 2011 (Powell Decl. at ¶¶ 4, 48.) He alleges that he experienced panic, embarrassment, fear, anxiety, and humiliation. Specifically, he alleges that he feared that someone would come to his door to give him legal documents, that he considered paying the debt even though he did not owe it, and he jumped every time his cell phone rang. He also alleges that he was irritable and argumentative, and as a result, his marriage suffered. The physical symptoms he alleges include headaches, nausea, tension resulting in back, shoulder and neck pain, and sleeplessness. Finally, his wife also observed that he was agitated, panicked, nauseous, and had trouble sleeping. She also stated that the situation caused tension within her marriage to Plaintiff. (Green Decl., Doc. 11-1.) Plaintiff's emotional distress clearly falls into the category of cases where plaintiffs suffered from general symptoms such as embarrassment, anxiety, and sleeplessness over a short period of time without a need for mental health treatment. *Thomas W. Smith, Dean, & Assocs.*, No. ELH-10-CV-3441, 2011 WL 2730787 at *4 (D.Md. July 12, 2011) (surveying several district court cases awarding actual damages for emotional distress in FDCPA cases). The Court finds that the allegations here are most similar to the facts in *Jenkins v. Eastern Asset Management, LLC*, in which defendant threatened to sue plaintiff in the course of five calls in a one-week period. No. 4:08-CV-1032 CAS, 2009 WL 2488029 (E.D. Mo. Aug. 12, 2009). In that case, the plaintiff was awarded $2000 in actual damages. Therefore, the Court concludes that Plaintiff is entitled to $2,000 in actual damages for emotional distress. *See also Smith v. Law Offices of Mitchell N. Kay*, 124

---

rather than present, emotional distress. Also, because emotional distress is not capable of precise mathematical calculation, the Court must necessarily survey other cases with similar facts to arrive at an appropriate sum. Therefore, the Court determines that it need not hear live testimony to determine actual damages.

B.R. 182 (D.Del. 1991) (holding that $3,000 is the "largest award the Court can, in good conscience, permit the plaintiffs to recover for their emotional distress" where plaintiffs received three letters and a phone call over a three-week period threatening legal action, garnishment of wages, and sequestration of their property.)

### c. Attorney's Fees

Under Local Rule 55-3, attorney's fees may be awarded when an applicable statute provides for such recovery. C.D. Cal. R. 55-3. Both the FDCPA and RFDCPA entitle Plaintiff to reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). The Court must determine an attorney fee award in an FDCPA case using the lodestar method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). Plaintiff argues that he is entitled to a lodestar amount of $5,320, based on 15.2 hours of work at an hourly rate of $350. (Mot. for Atty's Fees, Doc. 12, at 7.)

In support of the motion, Plaintiff filed a declaration by his counsel supported by a survey of attorney hourly rates showing that the median hourly rate in California in 2010 was $412 per hour. (Tatar Decl., Doc. 12-1, Ex. C at 45.) The Court concludes that Plaintiff's counsel's rate of $350 per hour is reasonable. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (holding that attorney affidavits regarding prevailing rates are satisfactory evidence of prevailing market rates). Plaintiff also attached a statement of services to his counsel's declaration, in which Plaintiff's attorney set forth the tasks she did and for how long, for a combined total of 15.2 hours of work on behalf of Plaintiff. The Court concludes that Plaintiff has met his burden of documenting and submitting as evidence the appropriate hours expended in the litigation. *See id.* at 948 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)). Therefore, the Court finds Plaintiff's request for $5,320 in attorney's fees to be reasonable.

**d. Costs**

Under the FDCPA and RFDCPA, Plaintiff is entitled to the costs of the action. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). In accordance with Local Rule 54-3, Plaintiff may submit a Bill of Costs and a Notice of Application to the Clerk to Tax Costs to recover the costs of this action. C.D. Cal. R. 54-3.

**V.   Conclusion**

For the reasons discussed above, the Court GRANTS Plaintiff's Application for Default Judgment, for a total award amount of $9,320 to be broken down as follows:

1. $2,000 in statutory damages under the FDCPA and RFDCPA.
2. $2,000 in actual damages for emotional distress.
3. $5,320 in attorney's fees.

DATED: <u>September 30, 2011</u>

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE